IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES KYLE WILLIAMS,
      Plaintiff,

vs.                                                    Case No.: 5:15cv337/MMP/EMT

C. BRANNON, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Motion for Temporary Injunction (ECF No. 8).  Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this action on December 29, 2015, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  He filed a First Amended Complaint on February 26, 2016, naming as Defendants members of the medical staff at the Northwest Florida Reception Center and supervisory officials of the FDOC (ECF No. 7).  Plaintiff alleged Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights by denying him braces and a walker to maintain his stability and mobility (*id.*).  He also brought state tort claims of negligence, intentional infliction of emotional distress, and medical malpractice (*id.*).  As relief, Plaintiff sought compensatory and punitive damages (*id.*).  He also sought declaratory relief and unspecified injunctive relief (*id.*).

In the instant Motion for Temporary Injunction, Plaintiff requests that the court issue a temporary injunction "enjoining Defendants, their officers, agents, servants, employees, and attorney, and those persons in active concert or participation with them, from harassment, verbal abuse, retaliation, threats, physical violence, discrimination negligence, [and] deliberate indifference" (ECF No. 8 at 1).  In support of his request, Plaintiff alleges the following:

> Plaintiff has been the victim of verbal abuse, threats of physical violence, harassment, retaliation, discrimination, negligence, deliberate indifference, medical malpractice, ADA Disability Act [sic] violation, RLUIPA Act [sic] violation, and Constitution [sic] violation . . . .

(ECF No. 8 at 2).  Plaintiff includes conclusory allegations that a temporary injunction is necessary to ensure his safety and protection; that he has an inadequate remedy at law; and that he will suffer immediate and irreparable injury, loss, and damage if a temporary injunction is not granted (*id.*).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126

(11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).

Here, Plaintiff failed to satisfy his burden of demonstrating the first factor, that there is a substantial likelihood that Plaintiff will prevail on the merits.  In a separate order issued by this Court on May 12, 2016, Plaintiff was directed to submit a second amended complaint, because his factual allegations failed to state a plausible claim for relief against the named Defendants (*see* ECF No. 9).  Because it has been determined

that Plaintiff's complaint fails to state a claim as to the named Defendants, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief. Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Injunction (ECF No. 8) be **DENIED without prejudice**.

At Pensacola, Florida, this 13th day of May 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**